FOR THE

## COUNTY OF ORLEANS.

April Term, 1848.

---

PRESENT,

Hon. ISAAC F. REDFIELD, }
Hon. MILO L. BENNETT, } Assistant Judges.
Hon. CHARLES DAVIS, }

---

## John Seaver v. John A. Morse.

Where the plaintiff, having contracted to labor for the defendant six months, at a specified price for the term, was taken unwell, and left the defendant's service, and was so unwell, for about a month, that he was unable to perform the full labor of a man, and then he recovered his health, but did not return to the defendant's employment, it was held, that he was entitled to recover for his services, upon a *quantum meruit,* for the time he labored.

And it was also held, that, if this were not so, an offer by the defendant, after the plaintiff had left his service, to pay to the plaintiff the amount due to him, at the rate of compensation fixed by the original contract, was a waiver of all claim of forfeiture.

Book Account. Judgment to account was rendered and an auditor appointed, who reported the facts substantially as follows.

The plaintiff commenced laboring for the defendant, April 14, 1846, under a contract, that he would work for him six months for

sixty dollars,—forty dollars to be paid in money, and twenty dollars in cloth,—and that the contract might be terminated, if either party should become dissatisfied, provided, when the cause of dissatisfaction should be made known, it could not be removed ; and he labored for the defendant, under this contract until June 12, 1846, when he left work, in the absence of the defendant, saying that he was unwell; and he did in fact continue unwell from that time until July 17, 1846, so that he was unable, most of the time, to perform the full labor of a man.   Within a few days after the plaintiff left the defendant, he said to him, that he should not return, and wished to settle with him; and some time afterwards the plaintiff, at the request of the defendant, called at the defendant's house, and the defendant then offered him some cloth, and told him, that he was ready to pay him the balance in money; but the plaintiff replied, that there was some mistake, for he was not to take cloth.   The plaintiff, about eight or ten days after he left the defendant's employment, engaged to work for his brother, at fifteen dollars per month, and did work for him, what time he was able, from the time he left the defendant until about the first of September, and his brother paid him about $25,00 therefor.   There was no other cause, than sickness, for the plaintiff's leaving the defendant's service; and no attempt was made by the parties to settle, except that above stated. The auditor reported, that the plaintiff's services, for the time he labored for the defendant, were worth eighteen dollars, after deducting one dollar and fifty cents for lost time and for what the labor at that season of the year was worth less than the average price agreed upon for the whole term.

The county court, June Term, 1847,—Davis, J., presiding,— rendered judgment for the plaintiff, upon the report, for twelve dollars,—being the proportion of the sum reported by the auditor, which, by the terms of the contract, was to be paid in money.   Exceptions by defendant.

*T. P. Redfield*, for defendant, insisted, that the contract was entire, and the plaintiff left the defendant without excuse,—that the defendant was entitled to his services when he was able to work, during his sickness, and, at all events, that he should have returned after July 17,—and that the plaintiff, by engaging, within eight or

ten days after he left the defendant, to work for his brother at fifteen dollars a month had put it out of his power to complete the contract,—and cited *Fenton* v. *Clark,* 11 Vt. 557, and *Winn* v. *Southgate,* 17 Vt. 355.

*J. Cooper,* for plaintiff, contended, that the illness of the plaintiff was a sufficient excuse for his leaving the defendant's service, and relied upon *Fenton* v. *Clark,* 11 Vt. 557.

The opinion of the court was delivered by

DAVIS, J. The contract between these parties was an entire one, and if the plaintiff, without sufficient cause, abandoned the service of the defendant, by the well settled law of this state he could recover nothing for a partial performance on his part. The agreement allowing either party to put an end to the contract, before the expiration of the six months, does not take this case out of the common principle, inasmuch as the assertion of this right required the existence and statement to the opposite party of some cause of dissatisfaction, with a view to its removal if practicable.

After laboring about one third of the period he had stipulated for, the plaintiff left the service of the defendant, ostensibly on the ground of ill health. This, if true, would, I think, constitute a sufficient reason for putting an end to the contract, according to its express terms. It would not, of course, be in the power of the defendant to remove it. But, besides this, the fact alone, in the absence of any agreement on the subject, takes the case out of the ordinary rule, and allows a recovery on a *quantum meruit* for the labor really performed. *Fenton* v. *Clark,* 11 Vt. 557. The auditor finds, not only that the plaintiff was out of health on the 12th of June, when he left, but that he continued so for more than a month afterwards; not indeed so much so, as to incapacitate him wholly to labor; but so that he could not do a man's work. The circumstances are very similar to those, which, in the case above cited, were held to absolve the plaintiff from the strict performance of his contract. In two particulars this case may be favorably distinguished from that,—in the absence of any stipulation, that the plaintiff was to be entitled to no pay, unless he wrought the full period of time agreed upon; and in the presence of the stipulation

respecting the right to put an end to the contract, already adverted to.

We think, on another ground, the plaintiff is entitled to judgment on the report. The subsequent tender by the defendant of two pieces of cloth, the precise value of which is not stated, but which could not have varied much from one third part of the sum the auditor finds due to the plaintiff, that being the proportion payable in cloth, together with the avowed willingness to pay the remainder in money, can be regarded in no other light, than as a distinct waiver of any claim to a forfeiture on account of any supposed non-performance on the part of the plaintiff, or even to a deduction from a *pro rata* compensation on account of special damage. The sum found due was graduated by the contract the parties had entered into, except that a small deduction was made on account of labor for the first two months being of somewhat less value than the average of the whole period. No deduction was made for damages resulting to the defendant on account of the non-fulfilment of the contract by the plaintiff; and if the views I have expressed in relation to the excuse the plaintiff had for such failure are correct, none ought to be made. The plaintiff is of course not bound to make good, damages resulting from an event no way under his control

It is urged, that it was the duty of Seaver, when his health was restored, to return and offer to complete the period of service he had engaged for, and especially it is urged, that his declaration about not returning showed a determination in the outset to break the contract, before his illness had continued any length of time, rather than a resolution unwillingly forced upon him by a continued sickness for a month. These considerations would undoubtedly be entitled to great weight, did not the event serve to justify the conclusion, thus announced by way of anticipation. As to the supposed duty to return, the remarks of BENNETT, J., in *Fenton v. Clark*, upon the same point, afford a satisfactory answer, and need not be repeated. There is no occasion to consider the decision of the county court, in reducing the sum reported by the auditor to be due to the plaintiff, in consequence of the tender of cloth, as no exceptions were taken by the plaintiff.

The judgment of the county court is affirmed.