Rogers *v.* Steele.

## CYRUS ROGERS *v.* SOLOMON STEELE.

*Contract for labor.    Effect if dissolved by mutual consent.*

Where the plaintiff's claim was for services of a minor son, under a contract made by the minor, with the defendant, it was held, that the plaintiff is so far bound by the contract of his son, that his claim depends upon a proper performance of the contract, and that he would not be entitled to recover therefor, in violation of the contract so made.

. But where, under the contract, the minor son of the plaintiff was to labor seven months for defendant, for the sum of sixty-seven dollars, and under the further agreement, if defendant or the minor should find just cause of complaint or dissatisfaction, the contract could be determined by either, by giving two weeks' notice to that effect, and after the minor had worked six or seven weeks, he gave the defendant such notice, but had no just cause of complaint, and the defendant consented that he might leave before the two weeks had expired, if he was determined to leave at the end of that time, and thereupon he left defendant's service, it was held, that this was a mutual relinquishment of the contract, and that, in consequence of the consent thus given, plaintiff might recover for the services rendered.

BOOK ACCOUNT.    The action was commenced before a justice of the peace, and came to the county court by appeal.    Judgment to account was rendered in the county court, and an auditor was appointed, who reported the following facts:—

That in March, 1846, plaintiff's minor son contracted with defendant, (without the knowledge of plaintiff,) to work for defendant, on his farm in Stanstead, seven months, for the sum of sixty-seven dollars, with the further agreement, that if either defendant or minor should find any just cause of complaint or dissatisfaction, either could terminate the contract, by giving two weeks' notice.

That said minor worked about seven weeks, and then gave notice that he should leave the service of defendant at the expiration of two weeks.    It did not appear that said minor had any just cause of complaint.

That defendant objected to his leaving, at the expiration of said two weeks, though he expressed a willingness to remain the two weeks; the defendant consented that he might leave before the end of said two weeks, provided he was determined to leave at that time.    The minor expressed his determination to do so, and thereupon left the service of defendant, having worked, in all, about seven weeks.

Rogers *v.* Steele.

The county court accepted the report of the auditor, and rendered judgment thereon for plaintiff. Exceptions by defendant.

*J. L. Edwards* for defendant.

In order that the plaintiff may recover, he must show a *performance*, or an offer to *perform*, on his part, which defendant rejected, or his *readiness to fulfil* the condition, until defendant discharged him, or prevented the execution of that part of the contract to be performed by him. Chit. on Con. 737.

It is believed that no distinction in principle, can be made between *this* case and the cases, *St. Albans Steamboat Co.* v. *Wilkins*, 8 Vt. 54. *Brown* v. *Kimball*, 12 Vt. 617. *Ripley* v. *Chipman*, 13 Vt. 268.

If plaintiff claims his son's wages, he must assume the responsibility of his son's acts in all particulars. *Chilson* v. *Phillips*, 1 Vt. 41.

*H. F. Prentiss* for plaintiff.

In order to render the defense set up, available, the defendant never should have consented to the boy's leaving, under any circumstances; and when he did so consent, he did it at his peril, and it is too late now for him to say that the boy left without any excuse or just cause.

At the *time* the boy left he had a perfect right so to do, because he had the consent of the defendant, and it is immaterial what *reasons* influenced the defendant to give his consent.

The defense set up, to prevail, should come strictly within the rules of law. To use the language of POLAND, J., in *Green* v. *Hulett*, 22 Vt. p. 190, " The ancient, rigorous doctrine, in relation "to contracts of this kind, has been much modified by the decis- "ions made within a few years; and the party is not allowed to " claim the benefit of any such forfeiture, except when there has " been a clear breach shown on the part of the party who has " performed the service."

BY THE COURT. The claim of the plaintiff in this case, is, for services rendered by his minor son, under a contract with the defendant. It is stated in the report of the auditor, that in March, 1846, the son of the plaintiff contracted to labor for the defendant,

Rogers v. Steele.

for seven months, for the sum of sixty-seven dollars, under the further agreement, that if the defendant, or the son, should find just cause of complaint or dissatisfaction, the contract could be determined, by either of them giving two weeks' notice to that effect. The auditor further states, that after the son had worked six or seven weeks, he gave the defendant such notice, but that no just cause of complaint existed, that warranted the son in leaving the service of the defendant.

There is no doubt but that the plaintiff is so far bound, by the contract of his son, that his claim for compensation depends upon a proper performance of the contract, and would not be entitled to recover therefor, in violation of the contract so made. If the case rested upon these facts alone, the decisions are uniform, that no recovery could be had for his services, either on the special contract, or on a *quantum meruit*. He could not recover on the special contract, as it is, in all its provisions, entire, and the performance of the services, and for the whole period stated in the contract, is a condition precedent to the right of recovery. To recover for part performance, an express contract to that effect is necessary. This has been so frequently decided by this court, that whilst we feel no disposition to extend the rule, we do not, on the other hand, feel at liberty to recede from the ground heretofore taken, or in the least, qualify the rules which have been adopted. 17 Vt. 365. 19 Vt. 503. 21 Vt. 301.

He cannot recover on the *quantum meruit*, for there can be no apportionment of an entire contract under such circumstances. Chitty on Cont. 579, 736. 1 Stark. Rep. 65. *Turner* v. *Robinson*, 6 C. & P. 15. *Cutter* v. *Powell*, 6 Tenn. Rep. 320, Ashhunt, J., says, " The only qualification to be found to this rule, exists, " where the contract has been destroyed by the party who is to " make the payment, and yet retaining the benefit of the partial " performance." If he has determined the contract, and refuses to have the services performed, without any reasonable excuse therefor, he may be responsible for the services rendered. Chitty on Cont. 737.

The rule is also well settled, that when the contract is dissolved by mutual consent, before the period at which the wages become due, the party may recover his wages *pro rata*, without any express contract to that effect. Chitty on Cont. 580. *Green* v. *Hu-*

*lett*, 22 Vt. 190. *Thomas* v. *Williams*, 1 Adol. & E. 685. In the application of this principle to the case under consideration, we find the facts stated in the case, that after the notice had been given by the son, he expressed a willingness to remain the two weeks, but the defendant consented that he might leave before the two weeks had expired, if he was determined to leave at that time, and that thereupon he left the defendant's service. This can be regarded in no other light, than as a license for him to leave, and as a mutual relinquishment of the contract. He would reasonably so consider and understand it. It has been very properly urged in argument, that had the defendant insisted upon the full performance of the contract by the plaintiff, and withheld his consent for leaving his service, that circumstance might have produced a change in his conduct, and disposition to leave his service. However that may be, we have no hesitancy in saying, that if he intended to avoid paying for his services for that portion of the time in which he labored, two things were necessary to be observed. First, that no just cause of complaint or dissatisfaction should arise on his part; secondly, that he should rely on the contract, and require a performance of its provisions in all its parts, by the plaintiff or his son. In consequence of the consent which he gave for his leaving his service, the plaintiff is entitled to recover for the services rendered.

The judgment of the county court is affirmed.