BARNARD CAHILL v. DANIEL S. PATTERSON.

*Book account. Entire contract for service. Parent and child.*

Where in an action of book account, either party's claim rests upon two grounds, and the auditor reports the facts in regard to each point, and decides the cause generally for such party, without specifying upon which ground he decides it, this furnishes no reason for setting aside the report, provided it shows that testimony was given before him, tending to support his decision upon both grounds.

Where an employee, under an entire contract for service, leaves the service wrongfully, before the expiration of the stipulated time, so that if the employer insists upon the forfeiture, he will not be liable, the employer may still waive the forfeiture, and become liable to the employee for the service rendered by him; and his acts and declarations recognizing a continued liability to the other party for his wages, after he has left his employment, are competent testimony to show such waiver of the forfeiture.

The fact that a minor has agreed with his father to buy his time for the remainder of his minority, by paying a certain sum therefor, which has not been paid, does not prevent the father from maintaining an action to recover for services performed by the son under a contract made by him without the father's knowledge.

BOOK ACCOUNT. The plaintiff's account amounted to eighteen dollars, and was for the labor of Robert Cahill, the plaintiff's minor son, for the defendant, from the 1st of April, 1856, to the 19th of May, 1856.

The auditor reported the following facts: In the spring of 1856, Robert Cahill, then being eighteen years old, agreed with the defendant, without the plaintiff's knowledge, to work for him upon his farm for six months, at fourteen dollars per month. The boy worked for the defendant under this contract, from the 1st of April, till the 19th of May, 1856, upon which day, the weather being rainy, the defendant set him at work mixing mortar, in a temporary and leaky shed upon his farm. Upon that day the boy, contrary to the defendant's direction, left this work and went a fishing, and remained absent a portion of the day. Upon his return he inquired of the defendant what work he should do, and the defendant refused to set him at work, whereupon the boy requested him to settle up with him, which was accordingly done, and the amount due the boy up to that time was figured up by the defendant to be

Cahill v. Patterson.

eighteen dollars. A few days afterwards, the plaintiff called on the defendant to settle for the boy's work, and the parties then also figured up the amount due, with the same result, and the defendant, on that occasion, assented to the sum of eighteen dollars as being the amount due from him for the boy's work, and said nothing about any damage incurred by him by reason of the boy's leaving his service. Afterwards, however, the defendant did claim that six dollars should be deducted from the eighteen dollars, on account of the damage which he incurred by reason of the boy's leaving before the expiration of the time of service contracted for; and thereupon offered the plaintiff twelve dollars in settlement of his claim, which the plaintiff refused to receive.

The auditor found that the defendant, in fact, suffered no damage on account of the boy's leaving his service, and reported, that, in his opinion, the plaintiff ought to recover of the defendant the sum of eighteen dollars, and interest from the 19th of May, 1856.

The auditor also found that previous to the contract above mentioned, the plaintiff had agreed with his son Robert, that the latter might have his time for the balance of his minority, by paying the plaintiff one hundred dollars therefor; that Robert had not paid the plaintiff this sum, and that it was understood between them that the plaintiff was to have Robert's wages during the season of 1856, to apply towards the one hundred dollars so to be paid by the boy to his father.

The county court rendered judgment upon the report, for the plaintiff, for eighteen dollars, and interest thereon from May 19th, 1856, to which the defendant excepted.

P. Perrin, for the defendant.

J. P. Kidder, for the plaintiff.

The opinion of the court was delivered by

ALDIS, J. The auditor's report states the facts as to the defendant's requiring the minor to work at making mortar in the rain, as to the minor's disobedience in going a fishing without leave, of his return and offer to work for the defendant, and the defendant's dismissal of him.

It then proceeds to state the settlement between the minor and

Cahill v. Patterson.

the defendant, and the balance due, the plaintiff's settlement with the defendant, and the defendant's recognition of a balance of eighteen dollars, as due the plaintiff for his son's labor; of his silence as to any claim for his breach of contract, and subsequent offer of twelve dollars, and claim of six dollars damages. It finds the defendant received no damage from the boy's leaving his employment.

Now the report does not state whether the defendant was justified in turning the boy away, or the boy justified in refusing to work at the mortar; nor whether the subsequent conduct of the defendant was an assent to the boy's leaving, and a parting by mutual consent, with a recognition on his part, of his liability for the boy's wages, or the contrary.

But the report finds that *upon the whole*, the plaintiff is entitled to recover. It would have been more satisfactory if the auditor had stated what his findings were upon these points, and what the precise grounds of his decision. But as there was testimony tending to support the claims of the plaintiff upon both grounds, the auditor was justified in deciding either or both for the plaintiff. We can not say that the report should be set aside because the auditor states his conclusion generally, when upon either of the two grounds it was justifiable upon the evidence.

There are cases which deny that a subsequent agreement of the employer, to pay his servant his wages after he has been rightfully dismissed, is valid. It has been alleged void for want of consideration. But in Vermont, it has always been held that he could waive the forfeiture, and that his acts and declarations recognizing his continued liability for the wages due the servant, might amount to a waiver of the forfeiture. The case of *Seaver* v. *Morse*, 20 Vt. 620, is a decision on this very point. The fact that the defendant settled for the wages, and "assented to the said sum as the amount due the plaintiff, and said nothing about any damage on account of the son's leaving," was evidence *tending* to show that he had waived the forfeiture, and held himself still liable for the amount of the wages. The settlement with the son on the day he left, and *making no objection to being liable for the wages*, is testimony of a similar kind. It was for the auditor to say whether it was satisfactory.

There was no contract between the father and the son, by which the former would be prevented from recovering for the wages of the latter. The son was not free from his father's control, nor entitled separately to his own earnings, till the one hundred dollars had been paid. As it had not been paid, this action was properly brought.

The judgment of the county court is affirmed.