JAMES BOYLE *v.* HENRY J. PARKER.

## Contract for Service.

The plaintiff contracted to work for the defendant a year; but left before the year was out, without any excuse. The plaintiff told the defendant he was going to leave, and the defendant made no objection, but said he could get as good workmen as the plaintiff, and the plaintiff supposed the defendant consented to his leaving. The next day the defendant told the plaintiff to come in a day or two, and he would settle with him. In about ten days, the plaintiff went to the defendant, to settle with him, and the defendant told him his books were at his attorney's office, and to go there. The plaintiff went, and met the attorney. The defendant's books then showed a balance of $57.22 due the plaintiff. The defendant then claimed $50 damages of the plaintiff, and was willing and offered to pay the plaintiff the balance of $7.22, as a compromise. The defendant never claimed damages before this occasion. *Held*, that the plaintiff was not liable for damages, and was entitled to recover the full amount due him for the time he served.

GENERAL ASSUMPSIT. Pleas, the general issue, payment, and offset. The case was referred, and the referee reported the following facts :

"In April, 1871, the parties entered into a contract that the plaintiff should work for the defendant as a blacksmith, at Jericho, for one year ; that the defendant should pay for such service the sum of $2 per day, and furnish the plaintiff a house and garden. The plaintiff commenced work under said contract on the 20th of April, 1871, and continued to labor for the defendant until some time in the month of September following, when he left the employ of the defendant. The defendant presented an account wherein he had given the plaintiff credit for 123 days' labor, less some items for lost time, at $2 per day. I find from the evidence, that the plaintiff labored under said contract 119½ days, amounting, at the contract price, to $239. The defendant's account, being payments made the plaintiff under said contract, is allowed by me at $178.78, which, deducted from the amount of the wages due the plaintiff, as per contract, to wit, $239, leaves due the plaintiff the sum of $60.22 ; and I find that sum due the plaintiff upon an adjustment of the accounts mentioned, unless the same is forfeited by his refusal to work the time stipulated in the contract.

"Some time about the 10th September, 1871, the plaintiff told the defendant that, having heard he was to be discharged by the defendant, he should leave the defendant's employ, and did so, without any excuse for so doing. The defendant upon this occasion told the plaintiff that he must not hold him responsible for what third persons might say. The defendant made no objection to the plaintiff's leaving, saying that he could find just as good workmen as the plaintiff was ; and the plaintiff supposed that the defendant consented thereto. The defendant told the plaintiff the next day, to come in a day or two and he would settle with him. About ten days afterwards, the plaintiff went to the defendant for a settlement, and was told by the defendant that his books were at the office of his attorneys, Wilbur & Palmer, and to go there. The plaintiff went accordingly, and met Mr. Palmer. At this time the books of the defendant showed that there were $57.22 due the plaintiff, and after deducting the sum of $50 therefrom, which entry was made in pencil, Mr. Palmer offered the plaintiff $7, or $7.22—I am unable to find which sum—to compromise the claim, not admitting any liability on the part of the defendant. I find that at this time, the sum of $50 was claimed by the defendant as damages for the plaintiff's leaving before the

expiration of the year, and that the defendant was willing, and offered, to pay the plaintiff the balance shown by the book, $7.22. This was the first time any such claim for damages was made. The plaintiff occupied the house furnished by the defendant, as provided in the contract, and his services were worth $2 per day to the defendant during the time he was at work.

" If, upon the foregoing facts, the defendant is entitled to recover damages of the plaintiff for leaving as aforesaid, I find and report as the damages sustained by him the sum of $50."

The court, at the September term, 1873, PIERPOINT, Ch. J., presiding, rendered judgment on the report for the plaintiff, for $7.22. Exceptions by both parties.

C. J. Alger, for the plaintiff, cited Seaver v. Morse, 20 Vt. 620; Rogers v. Steele, 24 Vt. 513: Cahill v. Patterson, 30 Vt. 592; Patnote v. Sanders, 41 Vt. 66.

L. F. Wilbur, for the defendant, cited St. Albans Steamboat Co. v. Wilkins, 8 Vt. 54; Ripley v. Chipman, 13 Vt. 268; Mullen v. Gilkinson, 19 Vt. 503; Pateat v. Badget, 4 Dev. & Bat. (N. C.) 208: Dickinson v. Dickinson, 9 Met. 471; Marsh v. Gold, 2 Pick. 285; 4 Cow. 635; 1 Greenl. Ev. § 192.

The opinion of the court was delivered by

BARRETT, J. The development and application of the law of the subject in Patnote v. Sanders, 41 Vt. 66, render needless any extended treatment of it in deciding the present case. The plaintiff before leaving apprised the defendant of his intention to leave, and of the reason for so doing. It seems to us that the report shows that not only the defendant did not deny the existence of the reason, nor make any intimation of objection to the plaintiff's leaving, but gave the plaintiff warrantable ground for " supposing that the defendant consented thereto." The defendant's book of credits to the plaintiff, what he said to the plaintiff about settling, and the proposition to pay the $7.22, countervail all idea on the part of the defendant of a forfeiture of wages earned by the plaintiff. The utmost that had occurred to the mind of the defendant or his attorneys up to the time of the at-

tempted settlement with Mr. Palmer was, that defendant should be allowed $50 by way of offset or *recoupment* for damage caused to him by plaintiff's leaving. Whether he should be allowed on that score, depends on what the plaintiff warrantably supposed and understood as to his having the assent of the defendant to his proposal to leave. As the plaintiff was warranted in supposing that he had such assent, and the defendant made no suggestion of any claim for damage by reason of his leaving at that time, nor on the next day, nor till it was made by Mr. Palmer some ten days afterwards, we think the defendant cannot stand on such claim as a ground for withholding from the plaintiff compensation, *pro rata*, for the time he served him. The legal idea in this respect, as well as the *common sense* idea, is sufficiently shown in the judgment of the court in *Rogers* v. *Steele*, 24 Vt. 513.

Judgment is reversed, and judgment is rendered for the plaintiff for $60.22, and interest from date of report.