Bast vs. Byrne.

BAST vs. BYRNE.

*March 7 — March 24, 1881.*

51  531
100  274

51  531
105  641

CONTRACT FOR LABOR. *(1) Whether laborer, after expiration of fixed term, can be required to make good lost time. (2, 3) Waiver of forfeiture by employer.*

1. One who contracts to labor for a limited period, cannot be required, after the expiration of the period, to render additional services under such contract merely because he has lost certain days during the term.

2. Where an employee for a fixed period absents himself for a short time without fault of the employer, if the latter, with knowledge of the fact, then receives him back into the service without objection, and retains him until the end of the period limited by the original contract, he thereby waives the right to declare the contract forfeited as to the services actually rendered.

3. Where there is a dispute as to the amount due under such a contract of service, and the employer tenders a judgment for a certain amount, with costs of the action, this is competent evidence of a *waiver of a forfeiture* under the contract.

Bast vs. Byrne.

APPEAL from the Circuit Court for *Green* County.

On the 19th of January, 1870, by contract in writing, defendant agreed to pay plaintiff $360 for one year's work in his store, and to let him have all the goods he needed for himself at cost, with ten per cent. added, during the time, reserving to himself the privilege of dismissing plaintiff at the end of six months if he should no longer need his services; and *Bast* agreed to work strenuously in the store for defendant's interest. The complaint alleged the substance of the agreement, and performance by the plaintiff, and admitted payment of $148.54 in goods, $53.29 in cash, etc., and loss of time amounting to $9, and claimed a balance of $149.29. The defendant tendered judgment for $120, with costs of action, which the plaintiff refused to accept. The answer alleged payment, and that the plaintiff had forfeited his wages by leaving his employ many times without leave, and by altogether absenting himself from the defendant before he had completed the working of his year. On the trial in the circuit court, the defendant objected to any evidence under the complaint, on the ground that it appeared therefrom that the plaintiff agreed to work a year, but had failed to work out his time; which objection was overruled. The undisputed evidence shows that the plaintiff began work under the contract January 26, 1878, and quit on the evening of January 25, 1879; and that he had lost at different times, in the aggregate, nine and a half days. At the close of the plaintiff's testimony, the defendant moved for a nonsuit, which was denied. There was evidence tending to show an attempt and failure to settle on the evening that plaintiff quit, and some dispute about the amount he had received, and whether his time was out, or would not be out until the following day. No instructions were requested, and no exceptions taken to the charge of the court to the jury.

Plaintiff had a verdict for $147.32; a new trial was refused; and defendant appealed from a judgment on the verdict.

For the appellant there was a brief signed by *B. Dunwiddie* and *A. S. Douglass*, his attorneys, with *S. U. Pinney*, of counsel, and oral argument by *Mr. Pinney*. They argued, 1. That under the contract the performance of one year's service was a condition precedent to plaintiff's right to recover any part of the contract price, there being no pretense that full performance was rendered impossible by the act of God, or of the law, or of defendant. *Jennings v. Lyons*, 39 Wis., 556–7, and cases there cited. By receiving plaintiff back after he had lost time, defendant did not waive his right to insist upon a full year's service, but merely his right to insist that it should all be performed within the current year. *Winn v. Southgate*, 17 Vt., 355; *Lamburn v. Cruden*, 2 M. & G., 253. 2. That defendant did not waive his right to this defense by his offer of a judgment for a less sum, nor by offering to pay a less sum than that claimed. *Monell v. Burns*, 4 Denio, 121–4; *Ripley v. Ins. Co.*, 30 N. Y., 136, 164. No right to compensation having ever vested in the plaintiff, it would seem that a subsequent promise to pay the entire sum, or any part of it, should be supported by a new consideration. *Rice v. Manuf. Co.*, 2 Cush., 80; *Ripley v. Ins. Co.*, *supra*.

The cause was submitted for the respondent on the brief of *P. J. Clawson:*

1. The word "year," in the contract, evidently meant a calendar year; that is the construction in the statutes (R. S., sec. 4971, subd. 10); and the evidence shows that both parties so understood it. 2. If plaintiff, during the term, absented himself without permission, and defendant, on his return, retained him in his service, a waiver or condonation is presumed *(Brown v. Kimball*, 12 Vt., 617; Wood's M. & S., § 121); and defendant's remedy is by recouping his damages. *Stoddard v. Treadwell*, 26 Cal., 294. 3. Defendant's offer, after plaintiff had quit, to pay him $100 on the contract, and his subsequent offer, in justice's court, of a judgment for $120, were each an admission of the liability, and a denial

only of the amount; and the question of amount is concluded by the verdict. *Woodward v. Cutter*, 33 Vt., 49; *Patnote v. Sanders*, 41 id., 66; *Boyle v. Parker*, 46 id., 343; *Dyer v. Ashton*, 8 E. C. L., 4. The evidence shows that defendant expressed a willingness to "settle" with plaintiff, if the latter would furnish "an itemized account of the goods he had got." This was a waiver of the defense now made. *Seaver v. Morse*, 20 Vt., 620; *Cahill v. Patterson*, 30 id., 592; *Patnote v. Sanders* and *Boyle v. Parker, supra; Hogan v. Titlow*, 14 Cal., 255.

CASSODAY, J. There is no dispute but that it was a year from the time the plaintiff began the work until he quit. Had he lost no time, he would have fully complied with his contract. It is urged, however, that whenever the plaintiff, from his own fault or necessity, lost any time, it became optional with the defendant to allow him to resume work or not, and that when he did "choose to allow him to resume work," then the plaintiff became bound to make up the days so lost, by working after what would have otherwise been the end of the year. In other words, it is claimed that the clause, "agrees to pay . . . the sum of $360 for *one year*," does not refer to a definite period of time, but a definite number of days of service, and that until the number of days of service were in fact rendered, either during the year or subsequently, no recovery could be had upon the contract. In support of this theory we are referred to *Winn v. Southgate*, 17 Vt., 355, and *Lamburn v. Cruden*, 2 Manning & Granger, 253.

In *Winn v. Southgate* the contract was that the plaintiff should labor six months for the defendant. He commenced work May 17th, and during the term, with the consent of the defendant, was absent on a journey sixteen days, but returned October 5th, and continued to work until October 30th, when he quit, being seventeen days before the end of the six months, and then insisted that his time was out, claiming that twenty-

four working days was a month; and thereupon he sued for the balance of his wages, and the court held that he could not recover. It is evident from this statement that the question here involved did not there arise.

In *Lamburn v. Cruden* the plaintiff had been engaged by the defendant at a yearly salary, payable quarterly. The last year of service expired September 29, 1837, and his salary up to that time had been duly paid. Before the expiration of the year, a misunderstanding had arisen. October 20th the plaintiff tendered his resignation, which was accepted December 13th. In the meantime he had performed no service, except upon one occasion, and then against the assent of the defendant. The action was for services between September 29th and December 13th; but the plaintiff was nonsuited; and the rule for a new trial was made absolute, on the ground that the court should have submitted to the jury the question as to whether there was a new agreement.

The question there involved seems to have been foreign to the question here presented. There the subsequent services were claimed under a new agreement; here subsequent services were demanded by virtue of the old agreement. Of course it was competent for the parties in this case to have made a new agreement, whereby the plaintiff should work a certain number of days in lieu of the nine and one-half days which he had lost; but there is no claim that any such new agreement was ever made, and the question is, Can the court expand an agreement which by its terms was limited to "one year," so as to require a party under it to render services after the expiration of the year, in lieu of certain days of service which he failed to perform during the year? No case has been cited going to that extent, and we have no disposition to furnish one. A party contracting to labor for a limited period cannot be required, after the expiration of the period, to render additional services under such contract, without any new agreement, merely because he had lost certain days during the term.

The court charged the jury on the theory that it was competent for the defendant, during the contract, to waive a strict performance of any particular day's work, and that when the plaintiff from time to time lost a day, and the defendant, with knowledge of the fact, received him back into his employ, it was such a waiver, at least to the extent of preventing the defendant from enforcing a forfeiture of payment for the services actually performed. It is true, the charge in this respect is not very full or explicit; but if the defendant desired to have it more definite he should have so requested. We are convinced that the theory upon which the cause was submitted to the jury was correct. Such acts of the defendant, without objection, we regard as a *prima facie* waiver of the breach. They presume condonation. The loss of a half day, a day, or two days, at intervals, and long prior to the termination of the contract, without objection on the part of the defendant, should not, upon principle, operate so harshly as to work a forfeiture of payment for services subsequently rendered in good faith, and with no notice that such forfeiture would be insisted upon. There may be adjudged cases going to that extent, but we should be very slow to follow them. In *Ridgway v. Hungerford Market Co.*, 3 Adolphus & Ellis, 171, Lord DENMAN, C. J., declared that where the servant was guilty of misconduct in June, and the master, knowing it, retained him until November, "a condonation might be presumed." This was *dictum*, to be sure, but we think it was good law. In *Prentiss v. Ledyard*, 28 Wis., 131, although the contract was for no definite time, yet it was held that, "where the employee was to receive payment at a specified rate if he continued temperate and faithful in the employer's service, the fact that he was occasionally intemperate and discontinued the service for short periods would not prevent his recovering the stipulated rate for the time actually spent in such service, if he was received back into it and continued therein without any new arrangement being made, or any in-

timation given that the old one was terminated." We see no difference in principle between the waiver of the conditions of a contract in respect to personal habits, and in respect to interruptions of service, or any other stipulation. The question of waiver of the breach by the retention of the employee for eleven or twelve days after the master's knowledge of the existence of the causes, was held properly submitted to the jury in *McGrath v. Bell*, 33 N. Y. Superior Court, 195. It is certainly equitable, and, we think, according to well-established principles of law, to hold that where an employee for a fixed period, without any fault of his employer, absents himself for a short time, and then the employer, with knowledge of the fact, receives him back into his service without objection, and retains him until the termination of the contract, he thereby waives the right to declare the contract forfeited as to the services actually rendered. This is not going as far as the opinion of the court in *Britton v. Turner*, 6 N. H., 481. It is true, that case has frequently been disapproved, but it is also true that it has been frequently approved. *Elliot v. Heath*, 14 N. H., 131; *Laton v. King*, 19 N. H., 280; *Davis v. Barrington*, 30 N. H., 517; *Pixler v. Nichols*, 8 Iowa, 106; *Byerlee v. Mendell*, 39 Iowa, 382, and cases there cited, in which last case it was held that "where a party hires himself to another for a fixed period of time, and leaves the service before the expiration of the term, without any fault on the part of the employer, the former may recover the value of his services performed as upon a *quantum meruit*, without showing that he left the service of his employer for good cause." *Britton v. Turner* was also followed in *Fenton v. Clark*, 11 Vt., 560; *Gilman v. Hall*, id., 510; *Blood v. Enos*, 12 Vt., 625. There are strong equitable reasons to sustain the doctrine of the above cases; but they would seem to be in conflict with the weight of authority, and we therefore cite them merely because they furnish strong reasons in favor of the conclusions which we have reached in this case.

There is still another reason why this judgment should be sustained. Prior to the first trial there was a dispute as to the amount due, and the defendant offered and tendered judgment for the amount which he considered due, with costs of action. Such offer and tender were competent evidence, and authorized a verdict of waiver of all forfeiture under the contract. *Cahill v. Patterson*, 30 Vt., 592; *Seaver v. Morse*, 20 Vt., 620; *Pat-note v. Sanders*, 41 Vt., 66; *Boyle v. Parker*, 46 Vt., 343. A party who proposes to insist upon a technical forfeiture should act promptly, and consistently with the right claimed.

*By the Court.*— The judgment of the circuit court is affirmed.