## FRANK BEAN v. J. F. BUNKER.

OCTOBER TERM, 1895.

*Non-performance of contract by one party excuses the other. Waiver. Evidence.*

1. If the plaintiff is prevented from completing a contract by the· failure of the defendant to perform, the plaintiff is thereby excused from further performance upon his own part.

2. But this would not be so if the plaintiff waived performance by the defendant.

3. The plaintiff contracted with the defendant to cut, skid and draw six hundred thousand feet of logs or more. He cut and skidded over eight hundred thousand and drew over six hundred thousand, when he stopped, claiming that he was under no obligation to draw more by the terms of his contract. The price for cutting and skidding was distinct from that of drawing, and plaintifl had been paid for cutting and skidding the whole. He had not been paid the full amount due for drawing, but at one time had consented to continue drawing upon being paid a sum less than the full amount. *Held*, that the evidence tended to show a waiver in this respect and that that issue should have been submitted to the jury.

4.  *Dictum*, if the time of payment was waived, it could not be revived without distinct notice to the defendant.

5.  The plaintiff claimed that after the execution of the contract the defendant had said that he would take care of the drawing beyond six hundred thousand feet. *Held*, that the fact that the defendant settled with the plaintiff and paid him for the cutting and skidding did not tend to establish that claim.

Assumpsit. Pleas, the general issue, payment and offset. Trial by jury at the April term, 1895, Franklin county, TYLER, J., presiding. Verdict and judgment for the plaintiff. The defendant excepts. The case appears in the opinion.

*Adams & Mott* and *F. W. McGettrick* for the defendant.

Plaintiff waived the right to insist upon payment for drawing according to the terms of contract, and cannot now allege this as an excuse for not performing upon his own part. Coke Lit. 211 b; *Taylor* v. *Gallup*, 8 Vt. 340.

The contract was entire. The plaintiff had not fulfilled upon his own part and cannot recover. *Keenan* v. *Brown*, 21 Vt. 86; *Kettle* v. *Harvey*, 21 Vt. 301; *Planche* v. *Colburn*, 8 Bing. 14; *Withers* v. *Reynolds*, 2 B. and A. 882; *Hammond* v. *Buckmaster*, 22 Vt. 375-380; *Shaw* v. *Lewiston T. Co.* 3 Pa. 415.

*Rustedt & Locklin* and *Wilson & Hall* for the plaintiff.

START, J. By the terms of the written contract, relied upon by both parties in the court below, the plaintiff was to cut, skid and deliver at the defendant's mill six hundred thousand feet, or more, of logs. Acting under this contract, the plaintiff cut and skidded eight hundred and thirteen thousand feet, and drew six hundred and forty thousand feet, and then abandoned the contract, leaving of the logs so cut and skidded one hundred and seventy-three thousand

feet undrawn. The defendant did not pay for the drawing as required by the terms of the contract. The court intructed the jury, that, if the defendant's failure to make payment according to the terms of the contract prevented the plaintiff from drawing the balance of the logs, the plaintiff was excused from further performance of the contract; and that he was entitled to recover the contract price for the work done under the contract.

If the plaintiff did not waive his right to insist on payment being made as is provided in the contract, the charge upon this branch of the case was correct. *Foster* v. *Knight*, L. R. 7 Ex. 111; *Fletcher* v. *Cole*, 23 Vt. 114; *Chamberlin* v. *Neal et al.*, 9 Allen 410; *White* v. *Atkins*, 8 Cush. 369; *Stephenson* v. *Cady*, 117 Mass. 6. If the evidence tended to show such a waiver, the failure of the defendant to make payment in strict compliance with the terms of the contract did not excuse the plaintiff from further performing his contract; and the omission of the court to submit this question to the jury was error. *Tripp and Bailey, Administrators*, v. *The Vermont Life Ins. Co.*, 55 Vt. 100; *Walsh, Administratrix* v. *Vermont Mutual Fire Ins. Co.*, 54 Vt. 351; *Ring* v. *Windsor County Mutual Ins. Co.*, 54 Vt. 434; *Patnote* v. *Sanders*, 41 Vt. 66; *Boyle* v. *Parker*, 46 Vt. 343; *Seaver* v. *Morse*, 20 Vt. 620; *Cahill* v. *Patterson*, 30 Vt. 592.

We think that the evidence tended to show that the plaintiff waived his right to insist on a strict compliance with the terms of the contract in respect to payment, and that he treated the contract as binding and subsisting during all the time he was cutting, skidding and delivering logs. He continued the performance of the contract, when he knew that the defendant was in default, until he supposed he had fully performed the contract on his part. When he stopped work, he did not claim that he was excused from further performing the contract by reason of a breach of its condi-

tions by the defendant; but he insisted that he had cut, skidded and drawn more than six hundred thousand feet, and that the contract did not require him to do more. He acquiesced in payments of less than the sum then due, and continued to work under the contract. When the defendant was nearly a thousand dollars in arrears in his payments, he consented to go on, a payment of two hundred dollars being made, until the defendant could get more money. He was paid in full for cutting and skidding the logs, and from time to time received payments towards the drawing, and continued in the performance of the contract; and, when he stopped work, he understood that he had fully performed on his part. From this and other · evidence referred to in the exceptions, the jury might properly have found, that the plaintiff gave the defendant to understand that he would not insist on payment being made in exact compliance with the terms of the contract; that the defendant acted upon this understanding; and that the plaintiff knew he was so acting. If the essentiality of the time of payment was waived, it could not be revived without notice to the defendant and fixing a certain and reasonable time within which payment would be required. *Battel* v. *Malot*, 58 Vt. 271.

In considering the exception to the instruction of the court as to the effect to be given to the settlement as evidence, it becomes important to refer to the contract and the issue that was under consideration. The written contract, so far as it relates to the compensation, settlement and payment for the cutting and skidding, is distinct from the contract for drawing the logs, and is in no way dependent upon it. By the terms of the written contract, the plaintiff was to have two dollars for every thousand feet of logs that he cut and skidded. They were to be counted every thirty days, and payment was to be made in six days thereafter. On the 9th day of January, 1894, the parties settled, and

the defendant paid the plaintiff in full for the cutting and skidding ; and there was no controversy in respect to the cutting and skidding. The issue was in respect to the failure of the plaintiff to draw the logs that he cut and skidded, in excess of six hundred and forty-three thousand feet. The plaintiff's evidence tended to show, that, subsequent to the making of the written contract, the defendant agreed to attend to drawing all logs in excess of six hundred thousand feet. The defendant's evidence tended to show that he did not so agree, and that the plaintiff had not performed his contract, in that he had not drawn all the logs that he cut and skidded. Upon this branch of the case the court instructed the jury as follows :

"It is claimed that the settlement between the parties in January, 1894, in respect to what logs had been cut and skidded, tends to show that the defendant was willing to pay for the cutting and skidding and take care of the drawing himself. You will say what importance you attach to this settlement. It is a circumstance in the case, and the circumstance of the defendant's giving credit on his books for the cutting and skidding at one time."

By this instruction, the court, in effect, conceded the claim of the plaintiff; and the jury must have understood that the fact that the defendant settled and paid for cutting and skidding the logs was evidence tending to show that he released the plaintiff from his contract to draw all of the logs that he cut and skidded. We think the evidence has no such tendency. The defendant, in settling and paying for the cutting and skidding, was doing what the contract required him to do. He could perform the contract in this respect without having the fact that he did so, evidence to be weighed against him upon the question of whether he had released the plaintiff from drawing all logs in excess of six hundred thousand feet. The written contract provides for a separate compensation for cutting and skidding and a distinct time for payment,

and this duty to settle and pay for the cutting and skidding is imposed upon the defendant by an independent provision of the contract, and is in no way made to depend upon whether the logs were drawn.

The charge in other respects was correct, and there was no error in the admission of evidence.

*Judgment reversed and cause remanded.*

Taft, J., did not sit, being engaged in county court.