# RANSOM MERRILL v. WILLIAM G. FISH.

OCTOBER TERM, 1895.

*Entire contract.    Assent to non-performance.    Evidence.*

1. If, before the expiration of a contract to work for a given term, the plaintiff quits with the consent of the defendant, the defendant is liable for the service rendered according to the contract rate.

2. The plaintiff quit before the expiration of the contract term and demanded pay for what he·had done, to which the defendant replied that he would not pay him until the full expiration of the term. *Held*, that this was sufficient evidence that the defendant assented to the plaintiff's leaving.

3. The defendant promised the defendant to pay him his wages from time to time as he could. *Held*, that the plaintiff might recover for what had accrued ⁓up to the time of his leaving upon proof that he had demanded his pay and that plaintiff then had the money with which to pay him.

Exceptions from the city court for the city of Rutland. The action was general assumpsit, the plea, the general issue, and the trial by court.

The evidence of the plaintiff tended to show that he contracted with the defendant to work for him for a term of twelve months from the fifteenth of day November, 1894, for the sum of one hundred and sixty-five dollars and that the defendant was to pay him his wages from time to time as they were earned; that he worked for the defendant until June 25, 1895, and at that time quit work for the reason that the defendant would not pay him as fast as he desired.

The defendant claimed that he was to pay the plaintiff his wages from time to time as he could and that he had upon

every occasion when the plaintiff had demanded any money paid him what he could up to the time that the plaintiff left. It was conceded that on or about July first the plaintiff made a demand upon the defendant for the balance due him for labor and that the defendant replied by letter that he would not pay the plaintiff anything more until the end of the time for which the contract for labor was made, viz., November 15, 1895.

The defendant admitted that on the sixth day of July when he made this reply to the plaintiff and before the plaintiff commenced this suit he had four hundred dollars in cash, which he then deposited to his own credit in the savings bank.

It appeared further that the defendant was a man of considerable means and the owner of a valuable farm.

The court found as a fact that the contract as to payment was as claimed by the defendant, and further that there was due the plaintiff at the contract rate, for labor performed at the time he quit work, twenty-seven dollars and thirty-six cents.

Upon these facts the court rendered judgment for the defendant and the plaintiff excepted.

*Butler & Molony* for the plaintiff.

*A. G. Cooledge* for the defendant.

The contract was entire and performance was a condition precedent to the right of the the plaintiff to damand payment. *Winn* v. *Southgate*, 17 Vt. 355 ; *Ripley* v. *Chipman*, 13 Vt. 268.

TAFT, J. The plaintiff agreed to work for the defendant one year, beginning November 15, 1894, for one hundred and sixty-five dollars ; the defendant agreed to pay him from time to time as he could. The plaintiff aban-

doned the defendant's service June 25, 1895, and about the first day of July following demanded the amount he claimed was due him under the contract. The defendant in response to the demand wrote him that he would not pay him any more until the year of the hiring had expired. We construe this as a promise to pay at that time at the contract price. This is sufficient evidence that the defendant assented to the plaintiff's leaving. An offer to pay for services performed at the contract price, in case the laborer has left the employer's service, is a waiver of the forfeiture of the wages, if there was one. In such case, the laborer recovers for his services *pro rata. Rogers* v. *Steele*, 24 Vt. 513; *Patnote* v. *Sanders*, 41 Vt. 66; *Boyle* v. *Parker*, 46 Vt. 343. The defendant consenting to a termination of the contract the plaintiff is entitled to recover according to the terms of the contract. The defendant was to pay as he could. It appears by the exceptions that prior to the bringing of the suit, the defendant could pay; the plaintiff is entitled to recover the amount due him under the contract, with interest since the date of the writ, viz., twenty-nine dollars.

*Judgment reversed and judgment for the plaintiff.*