## JOHN CONWAY *vs.* G. H. FITZGERALD.

May Term, 1897.

Present:  Ross, C. J., ROWELL, TYLER, START and THOMPSON, JJ.

*Condition Precedent—Time of the Essence of the Contract—Evidence.*

The plaintiff undertook to log, manufacture and deliver, from the defendant's land, all the standing timber, and the defendant was to furnish the mill and other buildings and keep them insured.  The contract required the delivery of four million feet the first year and the remainder, if any, the year following; but the plaintiff failed to deliver the full amount the first year.  *Held*, that the defendant was justified in removing the mill and that the plaintiff could not recover the profits which he might have made in the second year had he been permitted to complete the undertaking.

The weight of certain cars of logs being in controversy, the clerk of the transportation company was permitted to state that the company had a rule for weighing cars and what the rule was.  *Held*, no error, since it did not appear what, if anything, was done in the matter of applying the rule.

The court below properly found that a witness was qualified to testify as to the capacity of cars for carrying logs, notwithstanding his experience had not been on the route over which the logs in question were shipped.

As bearing upon the question of what profits the plaintiff might have made in the second year, it was competent for him to show, in connection with what profits he made the first year, that the work for the second year would have been less expensive in certain particulars.

Although the court finally eliminated, and properly, the question of profits, the admission of evidence bearing upon that question was not error, inasmuch as it does not appear that the effect of the evidence was not correctly limited in the charge.

GENERAL AND SPECIAL ASSUMPSIT.  Plea, the general issue with notice.  Declaration in offset with the common counts in assumpsit.  Trial by jury at the September Term, 1896, Essex County, *Munson*, J., presiding.  Verdict and judgment for the plaintiff.  Both parties excepted.

It became material to show what a given number of feet weighed, in the log, as bearing on the correctness of the

defendant's scale of logs shipped to him by the plaintiff. One S. A. Baldwin, a witness for the plaintiff, having been found qualified as an expert, was asked, "What amount by measurement corresponds with the weight capacity of the car, in your experience?" to which the defendant excepted, and the witness answered, "I have used forty thousand capacity cars and I loaded as near five thousand feet as I could conveniently." The witness had previously stated in the presence of the jury, in the examination as to his qualification, that if he put on over a certain amount it was beyond the weight capacity of the car. The witness's experience was not on the route over which these logs were shipped.

The plaintiff introduced as a witness one John Murphy who testified that after the mill was shut down and the plaintiff had finished sawing and was away selling his horses, he, the witness, spoke to the defendant about what the plaintiff owed the witness's boy, and that the defendant advised him to sue the plaintiff and told him that he was about to fail. The defendant had testified that the plaintiff's men were afraid they would not get their pay and that the plaintiff, being greatly embarrassed by his inability to pay his help, abandoned his contract.

The court submitted a special inquiry to be answered by the jury touching the amount of profits which the plaintiff would have made had he been allowed to complete his contract in the second year. The jury answered, assessing the lost profits; but the court rendered judgment for the general verdict only; to which the plaintiff excepted. The plaintiff's failure to deliver the required amount the first year was the result of misfortune, not of negligence or bad faith.

*W. P. Stafford* and *P. H. Dale* for the plaintiff.

*George N. Dale* and *Bates & May* for the defendant.

START, J. The plaintiff and defendant entered into a

contract by which the plaintiff agreed to cut, log, haul, manufacture and load on cars the timber on a certain tract of land; and the defendant, in consideration of the plaintiff's undertaking, was to furnish buildings, boarding-house, camps, hovels, mill, machinery, and keep the property insured. As a part of the contract, plaintiff also agreed to log, manufacture and load on the cars not less than four million feet of spruce during the first season; and, if there was any then left, to log and manufacture the remainder during the season of 1892. The plaintiff did not get out four million feet of spruce during the first season; and, at the end of the first season, the defendant removed his mill and machinery. It does not appear that anything was thereafter done by the plaintiff under the contract.

The plaintiff requested the court to instruct the jury, that, if he did not consent to the removal of the mill and but for such removal would have completed the contract during the season of 1892, they should assess his damages under the special count, at such sum as would fairly compensate him for loss of the profits, if any, which he would have made by so completing it. This request was properly denied. The plaintiff was not entitled to recover the profits he might have made had he been allowed to complete his contract after a breach of its conditions on his part. The time in which the contract was to be performed was material. The defendant was to furnish buildings, a boarding-house, mill, machinery, and keep the property insured; but he was under no legal duty to furnish these and pay insurance beyond the time provided in the contract. The plaintiff could not, by a breach of the contract on his part, subject the defendant to this expense and risk for an indefinite time; and, when the plaintiff failed to perform the contract on his part to get out four million feet of spruce the first season, the defendant could, at his election, abandon further performance of the contract and take away his mill and machinery as he did.

In *Preble* v. *Bottom*, 27 Vt. 249, it is held that a party contracting to do the carpenter and joiner work on a house is justified in abandoning the contract when payment is not made according to its terms; and in *Bean* v. *Bunker*, 68 Vt. 72, the holding is to the same effect. In *Rommel* v. *Wingate*, 103 Mass. 327, the defendant bought a cargo of coal, to be shipped immediately; and it was held that a delay of nine days in shipping excused him from accepting it. In *Cleveland Rolling Mill* v. *Rhodes*, 121 U. S. 255, it is held, that, in an agreement to ship pig iron, both the amount of iron and the time of shipment are essential terms of the agreement; and that, where, under such an agreement, the seller ships a part of the iron at the time appointed and the rest from time to time afterwards, the buyer is not bound to accept any part of the iron so shipped. In *Norrington* v. *Wright*, 115 U. S. 188, the contract was for the sale of five thousand tons of rails, to be shipped at the rate of about a thousand tons per month; and it was held that the contract was not satisfied by shipping eight hundred and eighty-five tons per month, and that the plaintiff's failure to ship the full quantity each month justified the defendant in rescinding the whole contract. In the course of the opinion, it is said: "A statement descriptive of the subject-matter, or of some material incident, such as the time or place of shipment, is ordinarily to be regarded as a warranty, in the sense in which that term is used in insurance and maritime law, that is to say, a condition precedent, upon the failure or non-performance of which the party aggrieved may repudiate the whole contract."

In view of this holding it is unnecessary to consider any of the defendant's exceptions that relate solely to the profits the plaintiff might have made had he fully performed his contract.

The clerk of the transportation company which drew certain logs was permitted, against the defendant's

objection and exception, to state that the company had a rule for weighing cars, and what the rule was. It not appearing that anything was done in accordance with, or in violation of, this rule, or that it had any bearing upon any issue in the case for or against either party, error prejudicial to the defendant is not shown.

The court properly found that the witness Baldwin was qualified to testify as to the capacity of cars for carrying logs, notwithstanding his experience had not been on the route over which the logs in question were shipped.

It does not appear that the testimony of John Murphy could have had any bearing upon any issue in respect to which the plaintiff had judgment in the court below. It may have had a tendency, in connection with other evidence, to show a course of conduct on the part of the defendant that indicated that the reason why the plaintiff did not go on with his contract was not the one claimed by the defendant; but the limitation placed upon the plaintiff's right of recovery, rendered his reason for not going on with the contract immaterial. The evidence, therefore, bore upon an issue that became immaterial, and the error, if any, was harmless.

The plaintiff was permitted to show the expense he incurred in building camps and roads and picking up and taking timber from land that had been logged before. This evidence, in connection with other evidence, was pertinent upon the question of profits that might have been made the second season, when it would not have been necessary to incur this expense; and it not appearing that the court did not instruct the jury to consider it only for this purpose, error is not shown.

*Judgment affirmed.*