JANE A. LASHER et al., Appellants, *v.* THE ST. JOSEPH FIRE AND MARINE INSURANCE COMPANY, Respondent.

Where, by a condition in a policy of fire insurance, a disclosure of the true interest of the insured, if the same is not absolute, is required, such interest must be stated to the insurer, or the policy will be void. The acceptance of the policy without any representation as to title, or any statement of the specific interest of the insured, amounts to a declaration on his part that his interest is absolute.

Defendant issued to plaintiff J. a policy of insurance " upon her household furniture," * * * loss, if any, payable to the other plaintiffs, " as their interest may appear." J. did not own the furniture, but was in possession under a contract to purchase from the other plaintiffs, by which the title was not to pass until the purchase-price was fully paid. At the time of the fire, J. had paid but a small portion of the purchase-price. The policy contained a condition declaring it void if the interest of the insured was not truly stated. In an action upon the policy, *held*, that said condition was violated, and the policy was void; that the

necessity for a true statement was not obviated by the clause making the loss payable to others, " as their interests may appear;" that the clause was not tantamount to notice of title in them, but at most implied that they had an interest in the property, which was consistent with title and ownership in J.

(Argued June 17, 1881 ; decided October 18, 1881.)

APPEAL from order of the General Term of the Supreme Court, in ·the third judicial department, made February 13, 1880, which reversed a judgment in favor of plaintiffs, entered upon a decision of the court on trial without a jury.

The nature of the action and the material facts are stated in the opinion.

*William Lounsbery* for appellants. The expression of the policy as to the interest of the insured was a sufficient compliance with its condition. (*Pitney* v. *Glens Falls Ins. Co.,* 65 N. Y. 6 ; *Pelton* v. *Westchester Fire Ins. Co.,* Ct. of Appeals, Alb. L. J., June 28, 1879 ; *Lasher* v. *Northwestern Ins. Co.,* 18 Hun, 98 ; *Rowley* v. *The Empire Ins. Co.,* 36 N. Y. 550 ; *Kenney* v. *Clarkson,* 1 Johns. 380 ; *Hitchcock* v. *Northwestern Ins. Co.,* 26 N. Y. 68 ; *McGiven* v. *Phœnix Ins. Co.,* 1 Wend. 85 ; 12 id. 507 ; 16 id. 385 ; 22 Barb. 527 ; 57 id. 68 ; 46 N. Y. 421 ; 3 Keyes, 87 ; 56 N. Y. 354 ; 1 N. Y. S. C. [T. & C.] 339 ; 43 Barb. 479 ; *Dohn* v. *The Farmers' Joint-Stock Ins. Co.,* 5 Lans. 275.) The expression " her furniture," in the policy, was not an untrue statement; if the plaintiff, Jane A. Lasher, had an insurable interest, the property was hers for the purpose of indemnity. (*Lawrence* v. *St. Mark,* 43 Barb. 480 ; *Dakin* v. *The Liverpool, London & Globe Ins. Co.,* 77 N. Y. 600.) The burden of proving a breach of the condition was upon the defendant. (*Richmond* v. *Niagara Ins. Co.,* 79 N. Y. 230.) The defense that the policy was canceled is not established. The assured was entitled to a reasonable notice. (*McLean* v. *Republic Fire Ins. Co.,* 3 Lans. 421.) A policy continues in force until the return of the premium. (*Hathorn* v. *Germania Fire Ins. Co.,* 55 Barb. 28.)

*N. B. Hoxie* for respondent. The interest of the assured in the property mentioned in the policy being other than the entire, unconditional and sole ownership, for her use and benefit, and such interest not having been represented to the company and expressed in the written part of the policy, and not truly stated in said policy, by its express terms, it was and is void. (*Grosvenor* v. *Atlantic Ins. Co.*, 17 N. Y. 391; *Cone* v. *Niagara Ins. Co.*, 60 id. 619, 622; *Perry* v. *Lorillard Ins. Co.*, 61 id. 214; *Merwin* v. *Star Ins. Co.*, 7 Hun, 659; affirmed, 72 N. Y. 603; *Hale* v. *Mechs.' Ins. Co.*, 6 Gray, 172; *Macomber* v. *Cambridge Ins. Co.*, 8 Cush. 135; *Flaherty* v. *Germania Ins. Co.*, 7 Ins. L. J. 226; *Foot* v. *Hartford Ins. Co.*, 119 Mass. 240; *Continental Ins. Co.* v. *Hulman*, 92 Ill. 145; *Van Alstyne* v. *Ætna Ins. Co.*, 14 Hun, 360, 362.) No cause or right of action existed in favor of the three plaintiffs against this defendant. (*Frink* v. *Hampden Ins. Co.*, 1 Abb. [N. S.] 343; *Dakin* v. *L., L. & G. Ins. Co.*, 77 N. Y. 600, 604; *Allen* v. *Buffalo City*, 38 id. 280; *Mann* v. *March*, 21 How. Pr. 372; *De Witt* v. *Chandler*, 11 Abb. Pr. 459.)

EARL, J. This action was brought upon a fire insurance policy issued by the defendant to Jane A. Lasher, insuring her to the amount of $2,500· "on her household furniture," contained in a hotel known as the Woodstock Overlook Hotel, the "loss, if any, payable to Artemas Sahler and William Lounsbery as their interest may appear." The insurance was for one year from Aug. 21, 1874, and the furniture was destroyed by fire April 1, 1875. The action has been defended on several grounds, but one of which need be noticed.

Mrs. Lasher did not own the furniture, but she was in possession thereof under a contract to purchase the same at the price of $19,000 from the other two plaintiffs, Sahler and Lounsbery, with a covenant or condition in reference to such purchase, that the title should not pass until the purchase-price was fully paid; and the further condition, that she should keep the furniture insured in the sum of $10,000, loss, if any, payable to Sahler and Lounsbery as their interest might appear.

At the time of the fire she had paid upon the purchase-price only about the sum of $2,680.

The policy contained a provision that it should be void "if the interest of the assured in the property, whether as owner, trustee, consignee, factor, agent, mortgagee, lessee or otherwise, be not truly stated " in the policy. It is claimed that this provision in the policy was violated and we are of that opinion. Mrs. Lasher was the assured, and it was her interest only which was insured. The representation to the company was that the property was hers, and that representation under the circumstances implied ownership or title in her. It was the obvious purpose of the provision quoted to require the assured to state truly her interest, whatever it was. This she did not do. It is true that she had an interest which was insurable, but what that interest was she should have truly stated.

The transaction as to the insurance may be stated in its legal effect as follows : Her agent went to the defendant and applied for the insurance and it said to him that her interest, whatever it is, must be truly stated, else the policy will be void, and he then replied that the furniture is hers. That was tantamount to a representation by him that she was the real and true owner of the furniture, and so it was held in *Mers* v. *Franklin Ins. Co.* (68 Mo. 127). In that case the policy contained a similar provision, and it was said that the object of the condition was to require in all cases a representation as to the interest of the assured, and to make such representation a warranty. There the insurance was upon a house, and there was no evidence that the assured made any representation as to the ownership of the house, but it was described in the policy as "his," and it was said in the opinion that "where, by the terms of the policy, no disclosure is required of the assured as to the extent of his interest, and no inquiry is made by the company in reference thereto, a lessee may, in effecting insurance, properly describe the premises as his. * * * But when a disclosure of the true interest of the assured, if the same is not absolute, is required to be made by a condition of the policy, such interest must be stated to the company or the policy will be

void. The acceptance of a policy containing the condition under consideration, without any representation as to title or any statement of the specific interest of the assured, amounts to a declaration on the part of the assured that his interest is an absolute one." We think these views contain a true exposition of the law applicable to this case.

The necessity for a true statement of plaintiff's interest in the furniture was not obviated by the clause making the loss payable to Sahler and Lounsbery as their interest might appear. Her representation was that she had title to, and owned the property, and she applied for insurance upon the property as hers. That clause at most implied that Sahler and Lounsbery had some lien upon, or some other interest in, the furniture which was consistent with title and ownership in her. It was not tantamount to a notice to the defendant that Sahler and Lounsbery owned the furniture, and that she had but a small interest therein under an unperformed contract of purchase, but simply to a notice that they had a lien upon or interest in the furniture which she owned.

The defense based upon this provision of the policy was sufficiently set up in the answer and taken upon the trial.

Fredenburgh, through whom the plaintiff, Mrs. Lasher, obtained the policy of the defendant, was not the agent of the defendant but was *her* agent, and hence his knowledge as to the title of the furniture and her interest therein cannot be imputed to the defendant.

The order should, therefore, be affirmed, and judgment absolute ordered against the plaintiffs, with costs.

FOLGER, Ch. J., RAPALLO and FINCH, JJ., concur; DANFORTH and ANDREWS, JJ., dissent; MILLER, J., absent.

Order affirmed, and judgment accordingly.