GEORGE H. & W. W. RING v. WINDSOR COUNTY MUTUAL
INSURANCE COMPANY.*

*Insurance. Misrepresentation of Title.*

1. The plaintiffs purchased the premises insured, and executed a mortgage back to
their grantor. The grantor in his conveyance to them covenanted a perfect
title, and agreed to pay an old mortgage of $200, resting on the same. The
plaintiffs represented to the defendant at the time of the insurance that theirs
was the only mortgage on the premises. *Held*, that, in equity, though not in
form, there was a disclosure of the true title, as the plaintiffs could extinguish
theirs in chancery by the amount that they were compelled to pay on the other
mortgage ; and that the court will not permit the insurer to avoid a policy for
mere technical and formal defects.
2. If the defendant, after it knew of the other mortgage, continued to treat the
plaintiffs as holding a subsisting policy, and bound by its terms, it would be a
waiver of the defence of misrepresentation of title.
3. It is a question of *title*, and not of *fraud*.

ASSUMPSIT, upon a policy of insurance. Trial by jury, Decem-
ber Term, 1879, BARRETT, J., presiding. Verdict directed for
the defendant. The plaintiffs purchased the premises insured of
one Nash, and gave him back a mortgage. There was an old
mortgage on the premises for $200, owned by one Ray, and Nash
agreed to pay it. The application disclosed only the mortgage to
Nash. The other facts appear in the opinion of the court.

*Norman Paul,* for the plaintiffs.

Courts will not declare a policy of insurance forfeited on a tech-
nicality when substantial justice can be done by sustaining the
same. *Appleton Iron Co.* v. *British American Assurance Co.,*
46 Wis. 23 ; Bates Ins. Dig. 273.

Contracts of insurance should be liberally construed in favor
of the assured ; if he has acted in good faith his rights cannot be
defeated. A mistake made without fraud will not vitiate a con-
tract. Kerr on Fraud and M. 408 ; *Curry* v. *Commonwealth Ins.
Co.,* 10 Pick. 535 ; *Browning* v. *Home Ins. Co.,* 71 N. Y. 508.

* Heard at the February Term, 1880.

In all the decided cases the theory of the law is that a representation must be made knowing that it is false, to render a policy void. *Daniel et al.* v. *Hudson River Fire Insurance Co.*, 12 Cush. 416; *Wyman & Wife* v. *People's Equity Ins. Co.*, 1 Allen, 301; *Allen* v. *Charlestown Mutual Fire Ins. Co.*, 5 Gray, 384; *Patten* v. *Merchants & Farmers' Ins. Co.*, 40 N. H. 375; *Franklin Fire Ins. Co.* v. *Vaughan*, 2 Otto, 516. The Ray mortgage was not an incumbrance that in any manner affected the insurance. May on Ins., s. 292; *Jackson* v. *Ins. Co.*, 5 Gray 52; *Hawkes* v. *Dodge County Ins. Co.*, 11 Wis. 188.

*William E. Johnson* and *Warren C. French*, for the defendant.

The policy was void because of the misrepresentation of the title. The statements in the application are warranties, and should be strictly complied with. *Farmers' M. F. Ins. Co.* v. *Marshall*, 29 Vt. 28. We submit that the defendant had a right to know whom they were insuring, and the exact interest which each has in the estate. The defendant's charter provides that the defendant shall have a lien on the property for the assessments. This is an additional reason why the defendant is entitled to know not only the amount of the incumbrances, but who holds them, that is, just what the title is to the property which it insures. The plaintiffs seek to avoid the effect of this misrepresentation, upon the ground that they acted in good faith. Good faith or bad faith does not affect the question. The plaintiffs saw fit to make such misrepresentations as they did to the defendant, and they are warranties, and therefore under the contract of insurance, the question of good faith is not involved. *Boutelle* v. *Westchester Fire Ins. Co.*, 51 Vt. 4. Even if the plaintiffs supposed the Ray mortgage was paid, that does not affect the question. *Brown* v. *Peoples' M. F. Ins. Co.*, 11 Cush. 280; 7 Allen, 132; Sans. Dig. 666.

The opinion of the court was delivered by

REDFIELD, J. This was an action of assumpsit upon a policy of insurance. The premises insured had been consumed by fire, and the loss ascertained. The evidence disclosed that, at the time

of the contract of insurance, the premises were incumbered by two mortgages ; and one of them of about $200 to one Ray, was not named in the application, nor disclosed to the party insuring.

The plaintiffs claim that they supposed the Ray mortgage had been paid, as it was an incumbrance that their grantor assumed and agreed to pay, and, therefore, plaintiffs acted in good faith, and were not guilty of any fraudulent concealment, or suppression of facts, as to the true state of the title. But this assumption of the plaintiffs, if true, would not, necessarily, render the contract of insurance valid. The defendant's charter provides, " If the assured have a less estate therein, or if the premises be incumbered, the policy shall be void." So it is a question of *title*, rather than of *fraud*, with which we have to deal in this case.

Nash, in his conveyance to the plaintiffs, covenanted a good and perfect title ; and the prior mortgage to Ray, therefore, became the debt of Nash, which his covenants required him to pay. The plaintiffs had the right in equity to extinguish the Ray mortgage, by absorbing a sufficient portion of their mortgage to Nash to pay and cancel the Ray mortgage. " What ought to have been done is considered in equity as done." In this view, we think the plaintiff, in essence and in equity, though not in form, disclosed the true incumbrance upon the premises.

The court will not permit the insurer to avoid a policy of insurance for mere technical and formal defects. The insured, as a class, are ignorant of technical forms, and rely, as a rule, upon the agent of the insurer that the application shall be in accord with the requirements of the charter and by-laws of the company ; and when the company have received the premiums, and issued a policy, the contract of indemnity after loss has occurred, should be enforced, unless there be *substantial* grounds for avoiding it.

II.   It seems that there was evidence in the case tending to show that the defendant was aware of the Ray mortgage in February, before the fire, and continued to treat the plaintiff as holding a subsisting policy, and bound by its terms and conditions ; if so it would be a *waiver*, on the part of the defendant, of the objections it now urges in defence. But the case was decided on other

grounds, and we have no occasion to discuss this point further at this time.

The judgment of the County Court is reversed, and cause remanded.