AMY HAAS, RESPONDENT, *v.* THE MONTAUK FIRE INSURANCE COMPANY OF BROOKLYN, APPELLANT.

*Insurance policy — a forfeiture thereof is waived by a subsequent act recognizing the policy as valid — written consent how waived.*

Where a policy of insurance has been issued upon a building which is described in the policy as "a frame dwelling-house," but it appears that the insured applied for permission to make improvements on the premises at the office of the company, stating that the saloon floor was to be removed and the ceiling raised, and obtained permission, after such statement made to the secretary of the company, to go on with the work, the company cannot refuse to pay the loss sustained, on the ground that there has been a violation of the condition of the policy denominating lager beer saloons as extra hazardous, and providing that the policy shall be void by reason of the existence of the extra hazardous building.

That, although a policy may require a written consent to a change in the policy or its conditions, this provision may be waived by the defendant, and the secretary of an insurance company is an officer authorized to make such waiver.

Any negotiation or transaction, after knowledge of forfeiture on the part of the company, recognizes the validity of the policy and waives a right to insist upon such forfeiture.

APPEAL by the defendant from a judgment entered upon the verdict of a jury at the Kings County Circuit, and from an order denying a motion for a new trial.

This action was brought to recover damages caused by a fire which, on March 24, 1887, destroyed a house at New Utrecht, owned by the plaintiff.

*H. C. M. Ingraham*, for the appellant.

*James C. Church*, for the respondent.

Barnard, P. J. :

The plaintiff was the owner of certain premises in Brooklyn, situate on the north-easterly corner of Eighty-sixth street and Fort Hamilton avenue. The premises had been used as a dwelling as to a portion thereof, and for a saloon as to the remainder for many years. In 1882 the defendant issued a policy for one year upon the building, which was described in the policy as " a frame dwelling-house." Among the conditions of the policy was one denominating lager beer saloons as extra hazardous, and another providing that an extra-hazardous building made void the policy. This policy was continued from year to year as originally issued, and the saloon business was carried on in it as usual. The property was burned in March, 1887. In the fall of 1886 the plaintiff's husband went to the defendant's office and saw the bookkeeper and applied to him for permission to make improvements on the premises. This officer went to the secretary in the back part of the room. They conversed together and one of them asked Mr. Haas what improvements he was making. He was told that the saloon floor was to be renewed and the ceiling raised. They then told him that he might go ahead. The secretary was the proper officer to grant the permission. The policy required written consent. This may be waived by the defendant, and the secretary of the home office was the defendant. (*Haight* v. *Continental Ins. Co.,* 92 N. Y., 51.) Any negotiation or transaction after knowledge of forfeiture on the part of the company recognizes the validity of the policy and the forfeiture is waived. (*Titus* v. *Glens Falls Ins. Co.,* 81 N. Y., 410.) The verdict of the jury and the judgment thereon must, therefore, be affirmed, with costs.

Pratt, J., concurred.

Judgment and orders denying new trial affirmed, with costs.