[Brown v. Commercial Fire Insurance Company.]

# Brown *v.* Commercial Fire Insurance Company.

*Action on Policy of Insurance against Fire.*

1. *Stipulation as to interest of assured in insured property.*—In a policy of insurance against fire, it is generally sufficient that the assured has an insurable interest in the property insured; but, when the policy contains an express stipulation, that it shall be void if the assured is not the sole and absolute owner of the property, or if the building stands on ground not owned by him in fee simple, or if his interest in the insured property is not truly stated, his ownership as alleged becomes a material part of the contract, and an incorrect statement thereof avoids the policy, unless waived.

2. *Same.*—Where the policy is issued to the assured on property therein described as *his,* this imports that he is the sole and unconditional owner thereof; and if it appears that he in fact had only a leasehold interest in the land on which the building stood, and held the personal property under an executory contract of purchase, never having paid the purchase-money, this avoids the contract, and defeats an action on the policy by the vendor as assignee.

3. *Plea averring non-compliance with condition in policy; negativing consent or waiver.*—When the policy provides that it shall be void on certain conditions, "unless consent in writing is indorsed hereon by the [insurance] company," such indorsement of consent is a waiver of the condition, and good matter for a replication to a plea setting up a breach of the conditions; but it is not necessary that the plea should negative such consent.

4. *Representations as to interest of insured; mistake of agent.*—If the interest of the assured is incorrectly stated in the policy, through the mistake or wrongful act of the defendant's agent, to whom the application was made, the facts being truly and fully stated to him, and he having authority to take applications, deliver policies and receive premiums, this would be an answer to a plea setting up a breach of the condition as to the statement of the interest and ownership of the assured.

5. *Plea of agency.*—A general averment of agency, in a plea, is sufficient; but it is not necessary, when facts are averred from which agency is a conclusion of law; yet, when facts only are averred, their sufficiency must be determined by the rules of pleadings, which require that averments shall be construed most strongly against the pleader.

6. *Same.*—In an action on a policy of insurance, a plea averring a breach of the conditions by a misrepresentation of the interest of the assured in the property; a replication thereto, alleging that the assured applied for insurance to one B., who was an insurance agent, soon afterwards received from him the policy sued on, paid him the premium, but no commissions or other remuneration, and that the only transaction between the assured and the insurance company were those had with said B., is defective, since the facts stated do not necessarily show, as matter of law, that B. was the agent of the insurance company.

7. *Error without injury in rulings on pleadings.*—When several special pleas are interposed, one of which is a full and complete defense to the action, and, on demurrer thereto being overruled, the plaintiff declines

[Brown v. Commercial Fire Insurance Company.]

to reply; or, filing an insufficient replication, to which a demurrer is sustained, declines to plead further, an·l judgment is thereupon rendered for the defendant; in either case, the judgment will be affirmed, without regard to the rulings on the other pleas, or their legal sufficiency.

APPEAL from the Circuit Court of Montgomery.

Heard before the Hon. JOHN P. HUBBARD.

This action was brought by George G. Brown, against the Commercial Fire Insurance Company, a corporation chartered under the laws of Alabama; and was founded on a policy of insurance against fire, issued by the defendant on the 4th January, 1886, in favor of one T. B. Sage, by whom it was assigned to the plaintiff. The property insured was described in the policy, according to the averments of the 5th plea, as follows: "On his frame flour-mill, and engine and boiler building, situated detached in Brownstown, La-Fayette county, Illinois; on the machinery, fixed and movable, shafting, belting, gearing, pulleys, fixtures, boltings, chests, implements, scales and tools; on engine and connections, all contained in the same." The building and machinery were destroyed, or greatly damaged, by fire, on the 10th February, 1886, during the period covered by the policy; and this action was brought on the 14th February, 1887.

The defendant pleaded the general issue, and six special pleas; to each of which demurrers were interposed, and overruled. The 5th plea set out the conditions and stipulations of the policy, as to the interest and ownership of the insured property by the assured, and alleged a breach of the condition. The substance of these averments is stated in the opinion of the court, and need not be here repeated. To this plea, with the others, n ımerous causes of demurrer were specially assigned, assailing the sufficiency of its allegations in various particulars; and this additional cause of demurrer was assigned to said 5th plea—"that it is nowhere denied therein that the consent in writing of said company, indorsed on said policy, as therein mentioned, was not so indorsed by said company on the policy here sued on." The demurrers having been overruled, the plaintiff filed two special replications, in substance the same, to the 5th plea, with others; to which replications the defendant demurred, and the court sustained the demurrers. The material allegations of the replications, and the causes of demurrer specially assigned, are stated in the opinion of the court.

Thereupon, the court rendered judgment as follows:

[Brown v. Commercial Fire Insurance Company.]

"Came the parties, by their attorneys, and plaintiff amends his complaint; which is allowed by the court. To the pleas of the defendant herein filed, the plaintiff interposes his demurrers; which being argued, and understood by the court, are overruled.ᐧ And plaintiff now files his replications to said pleas, to which the defendant demurs; and said demurrers being argued, and understood by the court, are sustained. And plaintiff declining to plead further, it is considered by the court, that the defendant go hence," &c., and recover his costs.

The several rulings on demurrer are now assigned as error.

GORDON MACDONALD, MARKS & MASSIE, and W. G. HUTCHESON, for appellant.—(1.) The 5th plea was substantially defective, for the reasons specifically assigned as grounds of demurrer. It appears that Gage had insurable interest in the property; and if his interest was determinable at the election of his vendor, no other person could assert that election, and thereby terminate his interest; nor does it appear that such election was ever made. (2.) If the plea was good, the replication was a complete answer to it. Agency *vel non*, on facts specifically stated, if not a question of law, is, at most, a mixed question of law and fact. An express averment that Kimball was the agent of the defendant in procuring the policy, without more, might have rendered the replication demurrable, as averring only a legal conclusion. But the facts stated show such agency, at least *prima facie*; and the courts will not listen to the suggestion, that he acted as the agent of the assured in procuring the policy.—*Commercial Fire Insurance Co. v. Ives*, 56 Ill. 402; *Williamson v. N. O. Insurance Co.*, 84 Ala. 106; *Ala. Gold Life Ins. Co. v. Garner*, 77 Ala. 210; *Combs v. Hannibal Ins. Co.*, 43 Mo. 148; *Com. Fire Insurance Co. v. Allen*, 80 Ala. 576; 2 Woods on Fire Insurance, 824, 833, 838. Even if the facts stated do not establish the agency of Kimball, they estop the defendant from denying his agency. Herman on Estoppel, 1178, 1290, 1437; 52 Ill. 53; 28 Gratt. 387; 47 Iowa, 253; 52 Mo. 181. (3.) The plaintiff was entitled, in any event, to recover for the loss of the personal property.—73 N. Y. 452: 42 Mo. 126.

TOMPKINS, LONDON & TROY, *contra*, cited *Union Insurance Co. v. Petty*, 21 Fla. 399; *Swan v. Watertown Insurance Co.* 96 Penn. St. 37; *Mers v. Franklin Insurance Co.*,

68 Mo. 127.; *Lasher v. St. Jos. Insurance Co.*, 86 N. Y. 423; 18 Hun, 98; 36 La. Am. 660; 67 Iowa, 494; 53 Md. 276; 40 Mich. 241; 46 Mich. 463; 64 Texas, 521; 69 Iowa, 202; 105 U. S. 355; 96 N. C. 480; May on Insurance, §§ 167, 277.

CLOPTON, J.—The material and decisive defense urged to the action, which is founded on a policy of fire-insurance, is, that the assured failed to disclose the true ownership of the property insured. This defense is set up by several different pleas, varing somewhat in form and particularity of the averments as to the interest and title of the assured, but substantially the same in their legal effect. We shall take for consideration the one which avers the facts in the fullest manner, and with greatest particularity. The plea alleges that the policy contained the following condition and stipulation: "This policy shall become void, unless consent in writing is indorsed by the company hereon, in each of the following instances—viz., if the assured is not the sole and unconditional owner of the property; or if any building intended to be insured stands on ground not owned in fee simple by the assured; or if the interest of the assured in the property, whether as owner, trustee, consignee, factor, agent, mortgagee, lessee, or otherwise, is not truly stated in this policy." The object of such stipulation in a policy is, to protect the company against taking risks on property, for an amount disproportionate to the value of the interest of the assured, on which the company relies, to a great extent, as an incentive to use all reasonable precautions to avoid the destruction of the property. Being incorporated in the policy, it is in the nature of a condition precedent, which must be substantially conformed with, to entitle the assured to recover. When the true ownership is not required to be fully stated by the conditions of the policy, generally it will be sufficient if the assured has an insurable interest; but, when such requirement is the condition of the policy, it becomes a material part of the contract, and all rights under it are forfeited by non-compliance. A failure, in such case, to disclose truly the interest in the property, can not be regarded an immaterial circumstance. By express stipulation, the parties make it material, and the validity of the contract is dependent on a compliance with the condition. The assured, by accepting a policy in which such condition is incorporated, becomes bound thereby; and when he claims to

[Brown v. Commercial Fire Insurance Company.]

enforce the contract, and receive its benefits, he. is estopped from denying his assent to the stipulation.—*Lasher v. St. Jos. Fire & Marine Ins. Co.*, 86 N. Y. 423; *Mers v. Franklin Ins. Co.*, 68 Mo. 127; *Swan v. Watertown Ins. Co.*, 96 Penn. St. 37; *Adema v. LaFayette Fire Ins. Co.*, 36 La. An. 660; *Ala. Gold Life Ins. Co. v. Johnston*, 80 Ala. 467.

The plea avers, that the policy of insurance was issued to the assured, on property described therein as *his*. This imports that it was issued to him as the sole and unconditional owner of the property.—*Lasher v. St. Jos. Fire & Marine Insurance Co., supra; Mers v. Franklin Ins. Co., supra.* It further avers, that the assured had, at the time the insurance was effected, and at the time of the destruction of the property, only a lease-hold interest in the ground on which the building insured stood, and that he held the property insured under an executory contract of purchase, by which the vendor, who is the plaintiff in this action, agreed and undertook to convey and assure to him the property upon the payment of seven thousand dollars; and by which it was also provided, that if the assured failed to make the payments of the purchase-money, or either of them, the contract should, at the option of the vendor, be forfeited and determined. The plea also alleges, that the assured had paid no part of the purchase-money at the time of the issuance of the policy, and that he had no other title to the property. Assuming the truth of the averments of the plea, they clearly show that the assured was not the sole and unconditional owner; that he did not own in fee simple the ground on which the building stood; and that his interest in the property was not truly stated—a non-compliance with the condition and stipulation of the policy, which avoids the contract, unless it was waived in some mode binding the company. It is not necessary that the plea should negative the indorsement of a written consent on the policy. Such consent would be a waiver of the condition, and is proper matter of replication to a plea alleging a breach of the condition. There is no error in overruling the demurrer.

On the demurrer being overruled, the plaintiff filed two replications to the special pleas, each of which sets up substantially the same matter in avoidance of the alleged breach of the contract. A demurrer to the replications was sustained. It is contended, that the replications sufficiently aver and set up that the assured disclosed, at the time of making the application for insurance, to the agent of the

defendant, all the facts and circumstances connected with his title, ownership, and interest in the property. If such be the effect of the replications, when properly interpreted, they would show a waiver of the condition, and constitute a full answer to the plea. If the assured fully and truly disclosed his interest and ownership to an agent of the defendant, authorized to take applications for insurance, deliver policies, and receive premiums, the company will not be permitted to take advantage of an oversight or wrongful act of its own agent, to avoid the policy.—*Williamson v. N. O. Ins. Co.*, 84 Ala. 106.

One of the grounds of demurrer is, that the replications do not allege that the person, to whom the disclosure was made, was the agent of the defendant. The replications substantially allege the following facts: That the assured applied for insurance to Benjamin Kimball, an insurance agent in St. Louis, Mo.; that shortly after making the application, he received from Kimball the policy sued on, and paid him the premium of twenty-five dollars; that neither he, nor any one for him, paid Kimball commissions, or any other remuneration; and that the only transactions between the assured and defendant were those had with Kimball. It is insisted, that an express averment of agency is not necessary, and that it is sufficient if facts constituting an agency are averred. This may be conceded; but, when only facts are set forth as constituting an agency, their sufficiency must be tested by the legal requirements of good pleading. All pleading will be construed most strongly against the pleader, the presumption being that he states his cause of action, or matter of defense, most favorably for himself; and if the pleading fairly admits of two constructions, that will be adopted which is least beneficial to him.—*City Council v. Hughes*, 65 Ala. 201. When agency, which, like any other fact, may be proved by circumstantial evidence, is the subject-matter of proof, it is sufficient if the circumstances reasonably authorize its inference. But, when agency is the matter of pleading, and, without expressly averring it, the pleader relies on averments of facts as constituting an agency, the averments should be of such nature and character that agency follows as a conclusion of law; such as would justify the court, if the facts are proved, in giving an affirmative charge, and such as do not fairly admit of any other construction. It is not averred that Kimball previously acted for defendant in any similar transactions; nor that applica-

[McKenzie & Morton v. Wimberly.]

tion was made to him as agent of defendant; nor that defendant paid his commissions; nor any facts or circumstances which show that defendant recognized him as an agent in this or other transactions, or that defendant held him out, or that he held himself out by permission of defendant, as clothed with the authority of an agent. The averment that he was an insurance agent does not necessarily import that he was the agent of the defendant, or of any other particular company. The replication would have been sufficient, had it averred the agency in express terms; and the inference of agency could have been submitted to the jury on proof of the circumstances; but we can not affirm it as matter of law from the facts alleged. The averments of the replications fairly and consistently admit of the construction, that Kimball was the agent of the assured to procure insurance for him on the most advantageous terms, without reference to any particular company.

We have specially considered the fifth plea and the replications thereto, because it sets forth more fully and particularly the matter of defense, and have declared that it presents a full defense. The demurrer to the replications having been sustained as to all the grounds of demurrer, the plaintiff refused to plead further. This renders the sufficiency or insufficieny of the other pleas immaterial. When there is a plea which presents a full and valid defense, and plaintiff declines to plead further on a demurrer to the plea being overruled, or a demurrer to a replication to the plea being sustained, and the court thereupon renders judgment for the defendant, the judgment will be affirmed.— *Guilford v. Kendall*, 42 Ala. 651.

Affirmed.